UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO.: 1:06-CR-57-R

UNITED STATES v. DONALD MUDD,
MARTHA TOWE

# JURY INSTRUCTIONS

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

2008 MAR -6 PM11:03

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.  Then I will explain the elements, or parts, of the crime that the Defendants are accused of committing.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendants guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendants have pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells a Defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with the Defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a Defendant is guilty, and this burden stays on the Government from start to finish. You must find a Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

A defendant has an absolute right not to testify.  The fact that a defendant did nto testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove a defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove hie is innocent.

## INSTRUCTION NO. 4

### Direct and Circumstantial Evidence

You may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**INSTRUCTION NO. 5**

**Operation of an Illegal Gambling Business – 18 U.S.C. § 1955**

Count 1 of the indictment accuses Defendants Donald Mudd and Martha Towe of the operation of an illegal gambling business in violation of federal law.

For you to find a defendant guilty, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First: A gambling business as described in Count 1 of the indictment was conducted which violated the laws of the state of Kentucky; AND

Second: a defendant knowingly and deliberately conducted, financed, managed, supervised, directed or owned all or part of that gambling business which included at least 5 persons; AND

Third: The gambling business was either in substantially continuous operation for more than thirty days or alternatively, the gambling business, on at least one day, had gross revenue of two thousand dollars or more.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 6

### Illegal Gambling Operation (Count 1)
### Gambling business

The first element that the government must prove is that gambling business was conducted which violated state law.

It is a violation of Kentucky law for any person to knowingly divert charitable gaming funds from legitimate charitable purpose for his or her financial gain or for the benefit of another.

It is a violation of Kentucky law for any person to knowingly advance or profit from unlawful gambling activity by setting up and operating a gambling devise. A "slot machine" is a gambling devise.

7

**INSTRUCTION NO. 7**
**Illegal Gambling Operation (Count 1)**
**Conducted by five or more persons**

In the second element, the government must prove that five or more persons, including the defendants, knowingly conducted, financed, managed, supervised, directed or owned all or part of the gambling business, as defined in the previous instruction.

The words "finances," "manages," "supervises," "directs," or "owns," as used in these instructions, are to be given their ordinary and normal meaning.

The term "conducts," as it is used in connection with a gambling business, means to perform any act, function or duty which is necessary to or helpful in the operation of the business. A person may be found to "conduct" a gambling business even though that person is a worker or employee with no part in the management or control of the business and no share in the profits. However, a gambler or bettor cannot "conduct" a gambling business.

It is not necessary that the government charge five or more persons with participating in the gambling business that is alleged in the indictment or even that the government identify all alleged participants by name. The others may be defendants in the case, but need not be. The government need not prove that the defendant knew all of the people alleged to have been involved with the gambling business or that the defendant knew how many others have been involved.

The government must prove beyond a reasonable doubt, however, that at least five people conducted, financed, managed, supervised, or owned an illegal gambling business that was in operation for more than thirty days or had gross revenue in excess of $2,000 in any one day.

8

## INSTRUCTION NO. 8

### Illegal Gambling Operation (Count 1)
### Third element

"Substantially continuous operation for more than thirty days" means regularly in business or regularly open for customers for that period of time. The government is not required to prove that bets or wages were received on each and every day for thirty days.

The requirement of "being in substantially continuous operation for a period in excess of thirty days" is an alternative to the requirement of "gross revenue of $2,000 in any single day" so that if you find beyond a reasonable doubt that an illegal gambling operation was "in substantially continuous operation" for more than thirty days, you need not concern yourselves with the "gross revenue of $2,000 in a single day" requirement.

The term "gross revenue" means the total amount of money received from customers or bettors without any deductions for the expenses of the business and without regard to profit.

The government must prove beyond a reasonable doubt that the gambling business was regularly operated for more than thirty days or that the illegal gambling operation had a gross revenue of $2,000 in a single day.

## INSTRUCTION NO. 9

### Illegal Structuring (Count 3)

Count 3 of the indictment accuses Defendant Martha Towe of committing the crime of illegal structuring of monetary transactions in violation of federal law.  For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant knowingly structured a currency transaction AND

Second: the defendant knew of a domestic finaincial institution's legal obligation to report transactions in excess of $10,000 AND

Third: that the purpose of the structured transaction was to evade that reporting obligation.

To "structure" a transaction means to deposit or withdraw or otherwise participate in the transfer of a total of more than $10,000 in cash or currency by or though a financial institution or bank by setting up or arranging a series of separate transactions each involving less than $10,000 individually, thereby intentionally evading the currency reporting requirements that would have applied if the transaction had not been so structured.

It is not necessary for the government to prove that a defendant knew that structuring a transaction to avoid triggering the reporting requirements was itself illegal.  The government must prove beyond a reasonable doubt, however, that a defendant had knowledge of the reporting requirements and that the defendant intentionally structured the transaction to avoid those requirements.

10

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 10

### Arson (Count 4)

Count 4 of the indictment accuses Defendants Donald Mudd and Martha Towe of committing the crime of arson in violation of federal law.  For you to find any defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: that the defendant damaged a building as described in the indictment by means of fire, AND

Second: that the defendant did so maliciously  AND

Third: that the building that was damaged was used in interstate commerce.


"Maliciously" as used in these instructions means intentionally or with willful disregard of the likelihood that damage would result from his or her acts.

"Interstate commerce" refers to commercial activity between different states, and it must be proved that the building described in the indictment was actually used for a function that either involved interstate commerce or directly affected such commerce.


If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 11

### Aiding and Abetting

For you to find Martha Towe guilty of arson, it is not necessary for you to find that she personally committed the crime. You may also find her guilty if she intentionally helped someone else or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find Martha Towe guilty of arson as an aider and abettor, you must be convinced the goverment has proved each and every one of the following elements beyond a reasonable doubt:

First: That the crime of arson has been committed AND

Second: that the defendant helped to commit the crime or encouraged someone else to commit the crime AND

Third: that the defendant intended to help commit or encourage the crime.


Proof that the defendant may have know about the crime, even if she was there when it was committed, is not enough for you to find her guilty. You can consider this in deciding whether the government has proved that she was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of arson as an aider and abettor.

13

## INSTRUCTION NO. 12

### Mail Fraud (Count 5)

Counts 5 of the indictment accuse Defendant Donald Mudd of committing the crime of mail fraud.  For you to find Donald Mudd guilty of mail fraud, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

First, that Donald Mudd  knowingly devised a scheme to obtain money or property by false or fraudulent pretenses, representations, or promises as described in the Indictment;

Second, that the scheme included a material misrepresentation or concealment of a material fact;

Third, that Donald Mudd had the intent to defraud; and

Fourth, that Donald Mudd used the mail or caused another to use the mail in furtherance of the scheme.


The second element of Count 5 charges four different alleged material misrepresentations or concealment of material fact.

1. On or about October 27, 2003, Donald Mudd certified on a sworn statement in a proof of loss to Westport Insurance Company for $246,688.00 for real and personal property loss that "the said loss did not originate by any act, design or procurement on the part of your insured, or this affiant," when  in fact, Donald Mudd, the affiant, was responsible for the fire that caused the loss to the insured property.

2. On or about March 3, 2004, Donald Mudd certified on a sworn statement in a proof of loss to Westport Insurance Company for 7,650.00 for debris removal that "the said loss did not originate

14

by any act, design or procurement on the part of your insured, or this affiant," when in fact, Donald Mudd, the affiant, was responsible for the fire that caused the loss to the insured property.

3. On or about November 12, 2004, Donald Mudd certified on a sworn statement in a proof of loss to Westport Insurance Company for $16,822.16 for business interruption and extra expenses that "the said loss did not originate by any act, design or procurement on the part of your insured, or this affiant," when in fact, Donald Mudd, the affiant, was responsible for the fire that caused the loss to the insured property.

4. On or about November 12, 2004, Donald Mudd made a claim to Westport Insurance Company for $16,822.16 for business interruption and extra expenses of the VFW when it fact the VFW had no such claim and Donald Mudd used the money for his own benefit.

To find Defendant guilty you must ALL agree to the same charged act of material misrepresentation or concealment of a material fact.


If you are convinced that the Government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find Donald Mudd not guilty of this charge.

## INSTRUCTION NO. 13

### Mail Fraud (Count 7)

Counts 7 of the indictment accuse the Defendants Donald Mudd and Martha Towe of committing the crime of mail fraud.  For you to find a defendant guilty of mail fraud, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant knowingly devised a scheme to obtain money or property by false or fraudulent pretenses, representations, or promises as described in the Indictment;

Second, that the scheme included a material misrepresentation or concealment of a material fact;

Third, that the defendant had the intent to defraud; and

Fourth, that the defendant used the mail or caused another to use the mail in furtherance of the scheme.

If you are convinced that the Government has proved all of the elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 14

### Mail Fraud (Counts 5 and 7)
### Definitions

Now I will give you more detailed instructions on some of these terms used in the instructions concerning Counts 5 and 7.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in questions, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing a person's decision. Any misrepresentation or concealment must be reasonably calculated to deceive persons of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or brining about a financial gain to oneself.

To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen. Mailing

17

includes delivery by interstate commercial carrier such as UPS or Federal Express.

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme, that the material transmitted by mail was itself false or fraudulent, that the alleged scheme actually succeeded in defrauding anyone, that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud, or that someone relied on the misrepresentation or false statement.        However, the Government must prove beyond a reasonable doubt that:

First, that the defendant  knowingly devised a scheme to obtain money or property by false or fraudulent pretenses, representations, or promises as described in the Indictment;

Second, that the scheme included a material misrepresentation or concealment of a material fact;

Third, that the defendant had the intent to defraud; and

Fourth, that the defendant used the mail or caused another to use the mail in furtherance of the scheme.

If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION 15

### Conspiracy to Defraud the United States (Count 6)

Counts 6 of the indictment accuses Defendants Donald Mudd and Martha Towe of a conspiracy to defraud the United States by dishonest means in violation of federal law. It is a crime for two or more persons to conspire, or agree, to defraud the United States, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First: That two or more persons conspired, or agreed, to defraud the United States, or one of its agencies or departments, by dishonest means. The word "defraud" is not limited to its ordinary meaning of cheating the government out of money or property. "Defraud" also means impairing, or obstructing or defeating the lawful function of any government agency or department by dishonest means AND

Second: The government must prove that the defendant knowingly and voluntarily joined the conspiracy. AND

Third: The government must prove that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

The government alleges the agency Defendants conspired to defraud was the Internal Revenue Service. The government does not need to prove that the conspiracy deprived the IRS of any tax

revenue.  The government must convince you beyond a reasonable doubt, however, that the defendant conspired to impede the lawful function of the Internal Revenue Service.

You must be convinced the government has proved all of these elements beyond a reasonable doubt to find any one of these defendants guilty of the conspiracy charge.

**INSTRUCTION 16**

**Conspiracy to Defraud the United States (Count 6)**
**agreement**

With regard to the first element–a criminal agreement–the goverment must prove that two

or more persons conspired, or agreed, to cooperate with each other to defraud the United States.

This does not require proof of any formal agreement, written or spoken.  Nor does this

require proof that everyone involved agreed on all the details.  But proof that people simply met

together from time to time and talked about common interests, or engaged in similar conduct, is

not enough to establish a criminal agreement.  These are thing you may consider in deciding

whether the government has proved an agreement.  But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken

or unspoken, between two or more people, to cooperate with each other to defraud the United

States.  This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a

conclusion that an agreement existed.  But it is up to the government to convince you that such

facts and circumstances existed in this particular case.

21

**INSTRUCTION 17**
**Conspiracy to Defraud the United States (Count 6)**
**Defendants connection to the conspiracy**

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

What the government must prove is that a defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

22

**INSTRUCTION 18**
**Conspiracy to Defraud the United States (Count 6)**
**Overt Act**

The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

The indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

23

## INSTRUCTION NO. 19

The Defendants have both been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  And in our system of justice, guilt or innocence is personal and individual.  It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

## INSTRUCTION NO. 20

Next I want to say something about proving a Defendant's state of mind.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did and whether it is reasonable to conclude that the Defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 21

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 22

You should use your common sense in weighing the evidence.  Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it

deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you

are free to establish that conclusion.

## INSTRUCTION NO. 23

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

**INSTRUCTION NO. 24**

You have heard testimony that Defendant Donald Mudd committed some acts other than the ones charged in the Indictment.  If you find that he did those acts, you can consider the evidence only as it relates to the government's claim on Donald Mudd's plan.  You must not consider it for any other purpose.

Remember that he is on trial only for the charges in the indictment, not for other acts.  Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

## INSTRUCTION NO. 25

You have heard the testimony of Robin Birdsell, Doug McEwen, Tim Meister, Kurt Mueris, Terry McDaniel, Steve Spies, and Lynn Nobles.  These witnesses gave opinions concerning matters requiring special knowledge or skill.

You do not have to accept the witness's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 26

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

31

## INSTRUCTION NO. 27

During the trial you have seen counsel use a summary exhibits or charts that have been admitted in evidence. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

**INSTRUCTION NO. 28**

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**INSTRUCTION NO. 29**

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 30

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 31

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 32

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 33

I have prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proved the charge against a Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the Government has not proved the charge against a Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

**INSTRUCTION NO. 34**

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved a Defendant guilty beyond a reasonable doubt.