UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CR-00057-R

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.

DONALD MUDD and MARTHA TOWE                                          DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion for Money Judgment (Docket #117). Defendant Martha Towe has responded (Docket #127). Plaintiff has replied (Docket #128). This matter is now ripe for adjudication. For the foregoing reasons, Plaintiff's Motion for Money Judgment is GRANTED in part and DENIED in part.

**BACKGROUND**

Following a joint trial by jury, Defendant Donald Mudd ("Mudd") was convicted of illegal operation of a gambling business under 18 U.S.C. § 1955, arson and aiding and abetting under 18 U.S.C. §§ 844(i), (2), two counts of mail fraud under 18 U.S.C. § 1341, and conspiracy to impede and impair the Internal Revenue Service under 18 U.S.C. § 371. Defendant Martha Towe ("Towe") was convicted of illegal operation of a gambling business under 18 U.S.C. § 1955, illegal structuring of a monetary transaction under 31 U.S.C. § 5324(a)(3), mail fraud under 18 U.S.C. § 1341, and conspiracy to impede and impair the Internal Revenue Service under 18 U.S.C. § 371. The jury verdict did not specify the monetary amount of the illegal transactions structured by Towe.

Defendants were sentenced on June 30, 2008. At that time, the Court determined that Defendants owed $259,988 in restitution in joint and several liability. The Government now moves the Court to enter an order for personal money judgment in the amount of $259,988

against Towe and Mudd, jointly and severally, and $203, 510.10 against Towe for her structured transactions.

## STANDARD

Federal Rule of Criminal Procedure 32.2 sets forth the procedure for criminal forfeiture. "As soon as practicable after a verdict or finding of guilty . . .on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. . . . If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1). "At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment." Fed. R. Crim. Pro. 32.2(b)(3).

"A criminal forfeiture is an element of sentencing and not an element of a criminal offense." *United States v. Corrado*, 227 F.3d 543, 547 (6th Cir. 2000). The government has the burden of proving forfeiture by a preponderance of the evidence. *United States v. Jones*, 502 F.3d 388, 391 (6th Cir. 2007) (citing *United States v. Hall*, 411 F.3d 651, 654-55 (6th Cir.2005)).

## DISCUSSION

The Government seeks a personal money judgment against Defendants Mudd and Towe in the amount of $259,988 in joint and several liability. The Government also seeks an additional personal money judgment in the amount of $203, 510.10 against Towe for her illegal structuring of a monetary transaction conviction. Neither Mudd nor Towe contest the entry of a personal money judgment as to the Court's restitution amount of $259,988. Therefore, the Court

finds that the Government is entitled to a money judgment in the amount of $259,988.

Defendant Towe does, however, dispute the Government's entitlement to a personal money judgment against her for her illegal structuring of a monetary transaction conviction under 31 U.S.C. § 3524(a)(3). In its motion, the Government calculates that Towe is liable for $203,510.10 based on structured transactions involving vehicles in the amount of $105,289.77 and her house in the amount of $98,220.33. The Government does not specify to which vehicles it refers, nor does it explain how it calculated the values of these items.

The second superseding Indictment charges Towe with illegal structuring of a monetary transaction for her overt acts occurring on or about February 6, 2002. (Indictment at 7). Those acts include the purchase of a $9,800 cashier's check from one bank, a $9,800 cashier's check from a second bank, a $9,800 cashier's check from a third bank, a $5,600 cashier's check from a fourth bank, and then a deposit of $9,800 into her personal checking account. (Indictment at 8-9). The Indictment then charges Towe with purchasing a 2002 Mercedes Benz for $57,000 using the four cashier's checks totaling $35,000, a personal check for $7,000, and a traded vehicle worth $15,000. (Indictment at 9). The Indictment independently charges Mudd and Towe with forfeiture. (Indictment at 23). The property subject to forfeiture includes the house, 2002 Mercedes Benz, 2004 Harley-Davidson motorcycle, 2006 Chevrolet HHR, 2003 Toyota Camry, and $31,718 in currency. (Indictment at 24-25).

Pursuant to 31 U.S.C. § 5317, the Government can seek criminal forfeiture of all property, real or personal, involving or traceable to an offense under 31 U.S.C. § 3524. Based on the Indictment, the Court understands the Government's request for a money judgment to be relevant, but excessive. The Indictment charges Towe with $44,800 in illegally structured

transactions ($44,800 representing the four cashier's checks and the deposit of $9,800). These funds being traceable to the purchase of a 2002 Mercedes Benz.

The government bears the burden of proving forfeiture by a preponderance of the evidence. *United States v. Jones*, 502 F.3d 388, 391 (6th Cir. 2007) (citing *United States v. Hall*, 411 F.3d 651, 654-55 (6th Cir.2005)). It is unclear how the Government determined the amount of $203,510.10 it now seeks in criminal forfeiture from Towe. Because the Government's motion is insufficient for the Court to determine what amount, if any, Towe is liable for under 31 U.S.C. § 5317, the Court finds that the Government has failed to meet its burden. Accordingly, the Court will not enter a personal money judgment against Towe at this time.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Money Judgment is **GRANTED in part** and **DENIED in part**. **IT IS FURTHER ORDERED** that a personal money judgment in the amount of **$259,988** be entered against Defendants Donald Mudd and Martha Towe in joint and several liability.